UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ISIAH DOYLE,

                                                       Plaintiff,

                       -against-

**COMPLAINT AND JURY DEMAND**

CITY OF NEW YORK, POLICE OFFICER CHRISTOPHER
CAMPBELL (Shield # 17980), POLICE OFFICER OSWALDO,
POLICE OFFICER REYES, POLICE OFFICER GOMEZ,
JOHN DOE OFFICERS #1-5,

                                                       Defendants.

------------------------------------------------------------------------ x

Plaintiff Isiah Doyle by his attorneys, Stoll, Glickman & Bellina, LLP, for his complaint alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. § 1983 for the violation of his First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights in addition to violations of the laws and Constitution of the State of New York.

2. The claim arises from a January 21, 2017 incident in which New York City Police Department ("NYPD") Officers, acting under color of state law, intentionally and willfully subjected Mr. Doyle to false arrest, malicious prosecution, and excessive force, among other things.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

**JURISDICTION & VENUE**

4. This action arises under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §§ 1983 and 1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3)-(4), 1367(a), and the doctrine of pendent jurisdiction.

6. Venue is laid within the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District.

**PARTIES**

7. Plaintiff Isiah Doyle is a resident of New York.

8. The City of New York ("City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention, and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

9. All police officer defendants, including Police Officer Christopher Campbell, Police Officer Oswaldo (whose first name is currently unknown to Plaintiff), Police Officer Reyes (whose first name is currently unknown to Plaintiff), Police Officer Gomez (whose first name is currently unknown to Plaintiff), and the John Doe Officers (whose true identities are currently unknown to Plaintiff) were at all times here relevant police officers of the NYPD, and as such were acting in the capacity of agents, servants, and employees of the City of New York. On

information and belief, at all times relevant hereto, defendant police officers were involved in the decisions to use excessive force on Plaintiff and arrest Plaintiff without probable cause up or failed to intervene in the actions of their fellow officers when they observed them violating Plaintiff's rights. The police officer defendants are sued in their individual capacities.

10. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

11. Within 90 days of the events giving rise to this claim, Plaintiff filed a written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of the Notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

12. On January 21, 2017, at approximately 2:30 A.M., Plaintiff was standing outside of Casablanca, a nightclub located at 340 Walton Avenue, Bronx NY.

13. A police officer employed by the NYPD (whose name is currently unknown to Plaintiff) told Plaintiff to disperse and pushed Plaintiff.

14. Plaintiff walked across the street. He was not committing any crimes or violating any laws.

15. Mr. Doyle watched as several NYPD officers grabbed people outside of the nightclub and detained them. From across the street, Plaintiff began to film the interactions using his cell phone.

16. Defendant Officer Campbell, along with several John Doe police officers, approached Mr. Doyle, told him to stop filming, and tackled him to the ground.

17. As a result of being tackled to the ground, Plaintiff suffered several bruises and scrapes.

18. The officers placed handcuffs on Mr. Doyle and put him in the back of a police van. He was taken to the 40th Precinct.

19. At the precinct, police officers searched Mr. Doyle, patting him down and searching his pockets. The officers placed Mr. Doyle's personal belongings, including his phone, wallet, and jewelry, into a property voucher bag.

20. As the officers were patting him down, Mr. Doyle asked for their badge numbers.

21. Officer Campbell, along with Defendant Officers Reyes, Gomez, and Oswaldo, escorted Mr. Doyle to the bathroom. Mr. Doyle was still in handcuffs.

22. In the bathroom, the officers punched Plaintiff in the face and smashed Plaintiff's head against the bathroom wall, while another officer held Plaintiff by the arms. The officers told Plaintiff, in sum and substance, to stop being a "smartass."

23. Plaintiff was then taken to a cell in the precinct.

24. On January 22, 2017, Plaintiff was released from police custody with a summons charging him with the offense of Disorderly Conduct. On the summons, Officer Campbell claimed that Mr. Doyle was acting in a "violent" manner and that he had been "fighting on the street." These allegations were and are completely untrue.

25. When Plaintiff collected the items left in the property voucher bag, his phone was mysteriously missing. This was the same phone with which Plaintiff had been recording the incidents outside of the nightclub.

26. Officer Campbell falsely stated that he had "lost" Mr. Doyle's phone.

27. Shortly after his release from police custody, Plaintiff went to the emergency room, where he was diagnosed with a concussion and treated for a head injury.

28. On April 5, 2017, Mr. Doyle appeared in Bronx Summons Court. The charge against him was dismissed and sealed.

29. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

30. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

31. As a direct and proximate result of the acts of defendants, Plaintiff suffered the following injuries and damages:

  a. Violation of his rights pursuant to the First Amendment of the United States Constitution to freedom of speech;

  b. Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;

  c. Violation of his rights pursuant to the Fourth, Fifth, and Sixth Amendments of the United States Constitution to a fair trial;

  d. Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

  e. Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

  f. Violation of his New York State Constitutional rights under Article 1, Section 6 to due process;

  g. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

      h. Loss of liberty; and

      i. Physical pain and suffering.

## **FIRST CAUSE OF ACTION**
### 42 U.S.C. § 1983
### FALSE ARREST

32. The above paragraphs are here incorporated by reference.

33. The officer defendants wrongfully and illegally arrested, detained and imprisoned plaintiff.

34. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, imprisonment, against plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

35. All of this occurred without any illegal conduct by plaintiff.

36. The officer defendants acted under color of law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional and statutory rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments secured by the United States Constitution, and are liable to plaintiff under 42 U.S.C. § 1983.

37. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

## SECOND CAUSE OF ACTION
42 U.S.C. § 1983
USE OF EXCESSIVE FORCE

38. The above paragraphs are here incorporated by reference.

39. By tackling Mr. Doyle to the ground, Defendants used excessive force against plaintiff, and failed to intervene in each other's obviously illegal actions.

40. By punching Mr. Doyle in the face, smashing his head into the wall, and physically restraining him the whole time, Defendants used excessive force against plaintiff, and failed to intervene in each other's obviously illegal actions.

41. Defendants' conduct deprived Plaintiff of his right to due process of law, pursuant to the Fourth and Fourteenth Amendment to the United States Constitution. Defendants are liable to Plaintiff under 42 U.S.C. § 1983.

42. Plaintiff has been damaged as a result of Defendants' wrongful acts.

## THIRD CAUSE OF ACTION
42 U.S.C. §1983
DENIAL OF FREE SPEECH

43. The above paragraphs are here incorporated by reference.

44. By arresting Plaintiff in retaliation for recording, Defendants' conduct deprived Plaintiff of his right to freedom of speech.

45. NYPD officers arrested Plaintiff in direct retaliation for the content and viewpoint of Plaintiff's speech, without probable cause to arrest him for any offense, and in violation of his right to freedom of speech.

46. Defendants' conduct deprived Plaintiff of his rights under the First and Fourteenth Amendment to the United States Constitution. Defendants are liable to Plaintiff under 42 U.S.C. § 1983.

47. Plaintiff has been damaged as a result of Defendant's wrongful acts.

## FOURTH CAUSE OF ACTION
42 U.S.C. § 1983
DENIAL OF FAIR TRIAL

48. The above paragraphs are here incorporated by reference.

49. The individual defendant fabricated false evidence against Plaintiff and forwarded such false evidence to Bronx Summons Court.

50. Defendant was aware or should have been aware of the falsity of the information used to prosecute Plaintiff.

51. As a result of Defendant's false statements, Plaintiff fought the false charge of Disorderly Conduct.

52. Defendants' conduct deprived Plaintiff of his right to a fair trial, pursuant to the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Defendants are liable to Plaintiff under 42 U.S.C. § 1983.

53. Plaintiff has been damaged as a result of Defendants' wrongful acts.

## FIFTH CAUSE OF ACTION
42 U.S.C. § 1983
MALICIOUS PROSECUTION

54. The above paragraphs are here incorporated by reference.

55. Defendants, acting with malice, initiated a prosecution against Plaintiff and caused him to be prosecuted in Bronx Summons Court.

56. All charges against Plaintiff were dismissed and sealed.

57. Defendants have deprived Plaintiff of their civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. § 1983, New York State common law, and the New York State Constitution.

58. As a result of the malicious prosecution implemented by defendants, Plaintiff was damaged.

## SIXTH CAUSE OF ACTION
FALSE ARREST & FALSE IMPRISONMENT

59. The above paragraphs are here incorporated by reference.

60. Defendants, their officers, agents, servants and employees, subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

61. Defendants intended to confine Plaintiff, Plaintiff was conscious of his confinement, and did not consent to his confinement.

62. The charge against Plaintiff was dismissed.

63. As a direct and proximate result of the misconduct and the abuse of authority detailed above, Plaintiff sustained the damages described above.

## SEVENTH CAUSE OF ACTION
ASSAULT & BATTERY

64. The above paragraphs are here incorporated by reference.

65. By seizing, tackling, punching, striking, and handcuffing Plaintiff, Defendants made Plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and offensive touching.

66. Defendants engaged in and subjected Plaintiff to immediate harmful and offensive touching and battered him without his consent.

67. Defendants, their officers, agents, servants and employees, were responsible for Plaintiff's arrest, detention, and imprisonment during this period of time.

68. As a direct and proximate result of the misconduct and the abuse of authority detailed above, Plaintiff sustained the damages described above.

## **EIGHT CAUSE OF ACTION**
RESPONDEAT SUPERIOR

69. The above paragraphs are here incorporated by reference.

70. Defendants' tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

71. As a result of Defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

B. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

DATED:    October 13, 2017
         Brooklyn, New York

                                        Respectfully submitted,

                                        STOLL, GLICKMAN & BELLINA, LLP

TO:   City of New York
      100 Church Street
      New York, NY 10007              _____
                                        By: Amy Robinson
      Officer Christopher Campbell, #17980    475 Atlantic Ave, 3rd floor
      Officer Oswaldo                  Brooklyn, NY  11217
      Officer Reyes                    (718) 852-3710
      Officer Gomez                    arobinson@stollglickman.com
      40th Precinct
      257 Alexander Avenue             *Attorneys for Plaintiff*
      Bronx, NY 10454

11